

**SIGNED this 19 day of August, 2010.**

```
                          _____
                                    John C. Cook
                          UNITED STATES BANKRUPTCY JUDGE
```
_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Prebul Jeep, Inc.** | ) | No. 09-10838 |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| | ) | |
| **Jerrold D. Farinash** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. No. 09-1041 |
| | ) | |
| **Danny Bensusan; Lillie Bensusan;** | ) | |
| **Haberman & Goldenberg, LLP; Brilliant** | ) | |
| **Jewelers/MJJ, Inc.; Alliance Investments** | ) | |
| **Group, LLC; TSE Group, LLC; 117 7th** | ) | |
| **Avenue, LP** | ) | |
| | ) | |
| Defendants | ) | |

### MEMORANDUM

This proceeding is before the court on a motion for judgment on the pleadings filed by the defendants and a motion to file a second amended complaint filed by the plaintiff trustee. The defendants' motion for judgment on the pleadings asserts that the preferential transfer allegations in the

1

plaintiff's first amended complaint fail to comply with the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure. Although the trustee filed a response in opposition to that motion, the trustee also filed a motion to file a second amended complaint to address the pleading deficiencies alleged in the motion for judgment on the pleadings.

Having considered the parties' motions and briefs, the court will grant the trustee's motion for leave to file a second amended complaint and will deny the defendants' motion for judgment on the pleadings.

I.

On February 11, 2009, Prebul Jeep, Inc., and several affiliated entities filed petitions for relief under chapter 7 of the Bankruptcy Code. On March 17, 2009, the chapter 7 trustee initiated this adversary proceeding against the defendants. The original complaint sought the avoidance and recovery of certain transfers under theories of preferential transfer and fraudulent conveyance. Pursuant to a memorandum and order entered on November 30, 2009, the court denied the trustee's motion for partial summary judgment and granted the defendants' motion for summary judgment with respect to two of the complaint's fraudulent conveyance counts. With the dismissal of those counts and the subsequent dismissal of another count by agreed order entered on March 15, 2010, that left only three alleged preferential transfers remaining in the complaint.

On March 16, 2010, the court entered an agreed scheduling order. That scheduling order set this proceeding for trial and also set a number of other scheduling deadlines. Among the deadlines set was a deadline of April 9, 2010, as the last day to join other parties or amend the pleadings. The scheduling order provides that the schedule and deadlines established by the order would not be

2

altered except by further order of the court based on an agreement of the parties or for good cause shown.

The defendants waited until April 23, 2010 (after the amendment deadline of April 9, 2010) to file their motion for judgment on the pleadings attacking the allegations of the trustee's complaint with respect to the alleged preferential transfers. The trustee filed a response to the motion and, on June 29, 2010, filed his motion to amend the complaint. On August 3, 2010, the defendants filed a lengthy objection to the motion to amend.

**II.**

The trustee seeks to file a second amended complaint in order to clarify the factual basis for the preference claims asserted in the first amended complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure, applicable in adversary proceedings pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure, states that courts must "freely give leave [to amend] when justice so requires." Under this liberal amendment policy, leave will be granted absent undue prejudice, dilatory conduct, futility of amendment, or similar reason. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As noted, however, the scheduling order stated that the last date for amending the pleadings was April 9, 2010, and that scheduling deadlines would not be altered except by further order of the court based on an agreement of the parties or for good cause shown. This "good cause" limitation derives from Federal Rule of Civil Procedure 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." *See also* Fed. R. Bankr. P. 7016. Because the deadline set by the scheduling order passed prior to the trustee's filing of the motion for leave to amend, the court must determine whether "good cause" exists for modification under the Rule 16(b). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Once the scheduling order's

3

deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

"'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* Considering the circumstances surrounding the trustee's motion to file an amended complaint, including the diligence of the trustee and lack of prejudice to the defendants, the court has no difficulty in finding "good cause" to modify the deadline for amending the pleadings. The defendants suggest that good cause is lacking because the trustee failed to move to amend the complaint earlier in the proceeding. However, any delay is attributable to the defendants' tactical decision to hold off filing their motion attacking the allegations in the trustee's complaint. Rather than file a motion to dismiss the complaint early in the proceeding because of alleged pleading deficiencies, the defendants instead waited until long after the pleadings had closed in an attempt to turn a non-prejudicial dismissal into one with prejudice. Once the defendants filed their motion, the trustee acted with reasonable diligence in moving to amend. *See id.* at 626 ("[W]e do not believe Plaintiff failed to act diligently in seeking to file an additional amended pleading several months after expiration of the deadline in the scheduling order.").

Prejudice to the defendants is also lacking. This is not an attempt by the trustee to assert new claims late in the litigation. Rather, the trustee's second amended complaint merely supplements previously asserted claims in order to cure alleged deficiencies asserted by the defendants. *See id.* ("[B]ecause Plaintiff's request to amend was a prompt effort to remedy pleading deficiencies

4

identified by the district court in the dismissal order—as opposed to an effort to add new claims or parties—we envision no prejudice to Defendants from granting leave to amend.").

In sum, the court finds that the trustee has demonstrated good cause for modifying the scheduling order to permit the filing of the second amended complaint. The court also rejects the defendants' assertions of bad faith and undue delay.

Turning now to the defendants' other challenge to the trustee's motion to amend the pleadings, the defendants' argue that the motion should be denied because the pleadings in the amended complaint are still insufficient to state a claim upon which relief can be granted. Where an amendment would not survive a motion to dismiss (or, as here, a motion for judgment on the pleadings), leave to amend is denied as futile. *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010).

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), made applicable in bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), is analyzed under the same standards employed for Rule 12(b)(6) motions. *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). Whether dismissal is proper under Rule 12(b)(6) turns on compliance with Rule 8(a)(2), which minimally requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2); Federal R. Bankr. P. 7008(a); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

In assessing Rule 12(b)(6) and 12(c) motions, courts accept as true well-pleaded factual allegations; however, labels, conclusions, and formulaic recitations of the elements receive no such deference. *Id.* at 609 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Those allegations that are well-pleaded, when taken together, must "give notice to the defendant as to what claims are alleged" and must contain "'sufficient factual matter' to render the legal claim plausible,

i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)). Nevertheless, detailed factual allegations are not necessary. *Hensley*, 579 F.3d at 609 (citing *Twombly*, 550 U.S. at 555). "Plausibility" exists so long as the "'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 609 (quoting *Iqbal*, 129 S. Ct. at 1949). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

As pertinent to this motion, the trustee seeks to avoid three transfers from Prebul Jeep, Inc., to the defendants on the grounds that the transfers were preferences. Under the provisions of 11 U.S.C. § 547(b), a trustee may avoid –

> any transfer of an interest of the debtor in property –
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>    (A) on or within 90 days before the date of the filing of the petition; or
>    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>    (A) the case were a case under chapter 7 of this title;
>    (B) the transfer had not been made; and
>    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

According to the defendants, the trustee's second amended complaint fails adequately to plead multiple elements of a preference claim: (1) the transfer of an interest of the debtor in property, (2) an antecedent debt, (3) the debtor's insolvency, and (4) a transfer that enabled the defendants to receive

6

more than they would have under Chapter 7. Having reviewed the trustee's second amended complaint, attached documents, and the defendants' objection, this court finds that the second amended complaint adequately pleads the preferential transfer claims.

First, the defendants argue that the second amended complaint fails to adequately allege which specific debtor had an interest in the property transferred. However, the second amended complaint is quite specific on this point, repeatedly stating that Prebul Jeep, Inc., made the transfers and those transfers originated from an account owned by Prebul Jeep, Inc. (Second Am. Compl. ¶¶ 13, 20, 30-33, 47-52, 54-55, 57-61.) These allegations are entitled to credence at this stage of the litigation.

Second, the defendants argue that the amended complaint does not allege that the transfers were "for or on account of an antecedent debt" and that the nature and amount of the antecedent debt were not adequately alleged. The complaint, however, states that defendant Danny Bensusan "was fraudulently induced . . . to transfer approximately $15,497,925.00 into a checking account owned by the Debtor, Prebul Jeep, Inc." (*Id.* ¶ 28.) The complaint goes on to characterize this liability as a potential restitutionary obligation. Such allegations are sufficient to support the claim that the transfers were on account of an antecedent debt.

Third, the defendants challenge the complaint's "insolvency" allegations. That challenge is without merit. The trustee has attached, described, and incorporated four of Prebul Jeep, Inc.'s monthly Dealer Financial Statements. Three of those statements, when adjusted to include an omitted liability from Prebul Jeep to Joe Prebul, show that the debtor was insolvent to the extent of

7

approximately $3.2 million as of February 28, 2008 (less than two weeks before the first transfer sought to be avoided), to the extent of approximately $3 million as of March 31, 2008 (two weeks after the first transfer sought to be avoided), and to the extent of approximately $4.5 million as of June 30, 2008 (three and four weeks, respectively, before the second and third transfers sought to be avoided). (*Id.* ¶¶ 34-36.) The statement as of July 31, 2008 (a week after the second transfer and two days after the third transfer), when adjusted to reflect the omitted liability from Prebul Jeep to Joe Prebul, shows that the debtor was solvent to the extent of $114,706. However, that financial statement includes a note receivable by Prebul Jeep from Joe Prebul in the amount of approximately $6.3 million, and the complaint asserts that the note was uncollectible. If that note is written off, the financial records would reflect insolvency to the extent of more than $6.1 million as of July 31, 2008. (*Id.* ¶¶ 37, 39.) Moreover, the complaint alleges that the liability owed by Prebul Jeep to Joe Prebul, which was omitted from the Dealer Financial Statements, and the balance owed to defendant Danny Bensusan were understated on the debtor's records, so that the insolvency was even greater than the amounts stated above. (*Id.* ¶ 38.) These allegations and exhibits are sufficient to support an allegation of "insolvency" for purposes of seeking to avoid the alleged preferential transfers.

Fourth and finally, the defendants assert that the second amended complaint fails adequately to allege that the transfer enabled the defendants to receive more than they would have received in a chapter 7 liquidation. This argument is also without merit. The trustee's allegations point to the schedules, which show assets of $995,784.41 and liabilities of $23,078,120.40. Further, the trustee alleges that creditors have filed priority claims of $620,000, unsecured claims of over $39,000,000, and unclassified claims of $12,000,000. Taking these allegations as true, the transfers would allow the defendants to receive more than they would have received in a chapter 7 liquidation. *See, e.g.,*

8

*Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)* 930 F.2d 458, 465 (6th Cir. 1991) ("Unless the estate is sufficient to provide a 100% distribution, any unsecured creditor . . . who receives a payment during the preference period is in a position to receive more than it would have received under a Chapter 7 liquidation."); *Angell v. Ber Care, Inc. (In re Caremerica, Inc.)*, 409 B.R. 737, 753 (Bankr. E.D.N.C. 2009) ("Generally, as long as the distribution to general unsecured creditors would be less than 100%, any payment to such a creditor during the preference period would enable the creditor to receive more than it would in a liquidation had the payment not been made."). The defendants argue that they did not receive more than they would have received in a chapter 7 liquidation because the funds they received were trust funds being returned to them and not estate property. The trustee, however, alleges otherwise and those allegations are taken as true.

### III.

For the foregoing reasons, the court will enter an order granting the trustee's motion to file the second amended complaint. Also, the court will deny as moot the defendants' motion for judgment on the pleadings, which pertained to the trustee's first amended complaint.

###